## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **VINCENT DEWAYNE YUILLE,** | ) | |
| Petitioner, | ) | **Civil Action No. 7:14cv00209** |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **HAROLD CLARKE,** | ) | **By: Norman K. Moon** |
| Respondent. | ) | **United States District Judge** |

Petitioner Vincent Dewayne Yuille, a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2009 convictions and sentence in the Charlottesville Circuit Court. Upon review of the record, I conclude that Yuille's petition is untimely filed and that Yuille has not demonstrated any ground for equitable tolling. Therefore, I will dismiss his petition.

### I.

On February 12, 2009, the Charlottesville Circuit Court entered judgment against Yuille, convicting him of assault and battery, resisting arrest, brandishing a firearm, and possessing a firearm as a felon. The court sentenced Yuille to a total term of two active years of incarceration. Yuille did not appeal. Yuille filed a habeas petition in the Supreme Court of Virginia on May 23, 2013, which the court dismissed on August 5, 2013 as untimely filed. Yuille filed his instant § 2254 habeas petition on April 15, 2014, alleging several grounds of ineffective assistance of counsel. The court conditionally filed Yuille's petition, advised him that the petition appeared to be untimely filed, and gave him an opportunity to respond to the court regarding the timeliness of his petition.

### II.

A one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C.

§ 2244(d).[1]   A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case.  *See Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000).  Otherwise, an untimely petition must be dismissed by a federal district court.  § 2244(d)(1)(A-D).

The statute of limitations began to run in Yuille's case on March 16, 2009, when his conviction became final.  Therefore, Yuille had until March 16, 2010 to file a timely federal habeas petition.  Yuille did not meet this deadline; in fact, by that date, Yuille had yet to file his state habeas petition.[2]  Accordingly, Yuille's petition is barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.

A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  *Rouse v. Lee*, 339 F.3d. 238, 246 (4th Cir. 2003) (citing *Harris*, 209 F.3d at 330).  The petitioner must demonstrate that

---

[1] Under 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A - D).  Here, Yuille has alleged nothing to support the application of § 2244(d)(1)(B - D).  Under § 2244(d)(1)(A), Yuille's conviction became final on March 16, 2009, when his time to file an appeal to the Court of Appeals of Virginia expired.

[2] Yuille's one-year clock had already run by the time he filed his state habeas petition in the Supreme Court of Virginia; therefore, Yuille's state petition afforded him no tolling under § 2244(d)(2).

2

some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." *Harris*, 209 F.3d at 330 (citing *Miller v. N.J. State Dep't of Corrs.*, 145 F.3d 616, 618 (3d Cir. 1998)).

Yuille argues that the state of limitations should be equitably tolled in his case because counsel was ineffective. However, Yuille does not specify how counsel's alleged ineffectiveness affected the timeliness of his petition. Moreover, misleading or incorrect advice provided by counsel is an insufficient justification for the application of equitable tolling. *See Rouse*, 339 F.3d at 248 (quoting *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling")); *Harris*, 209 F.3d at 330-31. Accordingly, Yuille's argument is not a sufficient basis for equitable tolling.

Yuille also argues that the state of limitations should be equitably tolled in his case because he "is a layman" and is not familiar with "the rules of the proceedings." However, a petitioner's *pro se* status and ignorance of the law do not justify equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling.").

Finally, Yuille argues that failure to equitably toll the statute of limitations would result in a fundamental miscarriage of justice because he is innocent of his convictions. The Supreme Court recognized in *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), an actual innocence exception to AEDPA's time limitations. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see McQuiggin*, 133 S. Ct. at 1935. "To be credible, such a claim requires petitioner to support his allegations of

3

constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Here, Yuille makes only a vague and conclusory allegation that he is innocent of his convictions and he has not set forth any new or reliable evidence establishing his actual innocence. Yuille's conclusory allegation of innocence is insufficient to excuse the untimely filing of this § 2254 petition.

Based on the foregoing, I conclude that Yuille has not demonstrated any ground for equitable tolling and, therefore, I will dismiss Yuille's petition as untimely filed.

**ENTER**: This 29th day of October, 2014.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

4